# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**LINDA S. TERRY,**                                                                                                         **Plaintiff**

**v.**                                                                                                     **Case No. 3:16-cv-00063-TBR-CHL**

**NANCY A. BERRYHILL, ACTING COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                                       **Defendant**

### REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY FEES

In November 2016, the Court remanded this matter to the Commissioner for further proceedings after the parties jointly moved for judgment in favor of Linda S. Terry. (DN 21.) Now, Terry moves for an award of $3,218.75 in attorney fees and $24.00 in costs under the Equal Access to Justice Act. (DN 23, #695 – 96.) The Commissioner does not oppose such an award. (DN 24.) Given that the parties agree that the proposed fee award is appropriate, the undersigned concludes that an award of $3,218.75 in attorney fees and $24.00 in costs is appropriate. The undersigned recommends that Terry's motion for attorney fees and expenses be **granted**, subject to the conditions set forth below regarding assignment of the fee award.[1]

### ANALYSIS

The only dispute between the parties is to whom the award should be payable.

Terry argues that the fee award should be payable to her attorney, Greg Marks. (DN 23, #696.) Terry argues that "where an 'assignment provision' is *not* void, a fee award is to be paid

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees, because it is not a pretrial matter and is considered dispositive of a claim. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). This rule applies to post-judgment motions for attorney's fees in Social Security appeals. *See, e.g.*, *Johnson v. Comm'r of Social Security*, 2014 U.S. Dist. LEXIS 96140, *3 n.1 (E.D. Mich. Apr. 4, 2014). Accordingly, the undersigned issues the instant report and recommendation rather than an order.

directly to the attorney and becomes subject to an offset only if *the attorney* owes a government debt." (*Id.* at #697.)

The Commissioner argues that the fee award should be payable to Terry. (DN 24.) Then, "if Terry does not owe any pre-existing debt to the United States, the Commissioner may in her discretion determine whether to waive any objection to the assignment of Terry's attorney-fee claim to her counsel." (*Id.* at #712 – 13.) If the Commissioner waives objection, then the Commissioner will direct that the fee award be payable to Marks. (*Id.* at #713.)

The Equal Access to Justice Act (the "Act") provides that the Court "shall award to a prevailing party … fees and other expenses … incurred by that party." 8 U.S.C. § 2412(d)(1). In *Ratliff*, the Supreme Court held that a fee award under the Act "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Under the Anti-Assignment Act, "an assignment of a claim against the United States that is executed before the claim is allowed, before the amount of the claim is decided, and before a warrant for payment of the claim has been issued, is void." *Cox v. Comm'r of Soc. Sec.*, 917 F.Supp.2d 659, 662 (E.D. Ky. 2013) (citing 31 U.S.C. § 3727);[2] *accord*, *Kerr v. Comm'r*, 2016 WL 1733480 (W.D. Ky. 2016); *see also*, *Brown v. Colvin*, 2013 WL 3243527 (W.D. Ky. 2013).

Terry relies on the Supreme Court's opinion in *Hobbs* to argue that a fee award under the Act is not a claim under the Anti-Assignment Act. In *Hobbs*, the Supreme Court said, "What is a claim against the United States is well understood. It is a right to demand money from the United States." *Hobbs v. McLean*, 117 U.S. 567, 575 (1886). The Anti-Assignment Act "refers

---

[2] The statute says: "An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b).

2

to claims against the United States which can be presented by the claimant to some department or officer of the United States for payment, or may be prosecuted in the court of claims." *Id.*

The Ninth Circuit's opinion in *United States v. Kim* is instructive. 806 F.3d 1161 (9th Cir. 2015). In that case, the district court awarded statutory attorney fees payable to the plaintiffs' attorney following the plaintiffs' successful efforts to defeat the government's forfeiture of their property. *Id.* at 1164. The government appealed the award, arguing that the Anti-Assignment Act voided the assignment of the statutory fees under the Civil Asset Forfeiture Reform Act to the attorney. *Id.* The Ninth Circuit agreed, vacated the award of attorney fees payable to the attorney, and held that "the Anti-Assignment Act invalidates an assignment of an award of statutory attorney fees against the United States from the claimant to his attorney." *Id.* at 1164 – 65. The court found that the award of attorney fees was a "claim" under the Anti-Assignment Act, and therefore, the assignment to the attorney was void. *Id.* at 1171, 1174.

> Cases interpreting the Anti-Assignment Act over its long history have been unequivocal: the Act, where it applies, is a total bar on the assignment of claims against the United States. In *United States v. Gillis*, the Supreme Court held that assignments that ran afoul of the Anti-Assignment Act were made void by the statute. Failure to comply with the Act renders an assignment null and void as against the United States. However, voiding the assignment is the extent of the Act's reach; applying the Act leaves the claim where it was before the purported assignment. The underlying agreement is untouched, only the assignment is voided. Thus, although the assignment is voided by the Anti-Assignment Act, there is nothing in the Act to prevent [the attorney] from obtaining an interest in the attorney's fees awards through another mechanism.

*Id.* at 1175 (brackets added) (internal quotation marks and citations omitted).

Here, Terry's assignment of any award under the Act to her attorney predates an award of fees under the Act. (*See* DN 23-3.) Accordingly, the undersigned concludes that the assignment is invalid under the Anti-Assignment Act.

Still, the "assignment to her counsel is voidable at the United States' discretion." *Kerr*, 2016 WL 1733480 at *2; *Kim*, 806 F.3d at 1169 – 70 ("Thus, in modern practice, the obsolete

3

language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not."); *Riviera Fin. of Tex., Inc. v. United States*, 58 Fed.Cl. 528, 530 (Fed.Cl. 2003) ("Generally, Riviera would not be entitled to payment, but an assignment is still considered valid if the Government chooses to recognize it despite its legal validity."); *see also*, *Kerr v. Comm'r of Soc. Sec.*, No. 3:15-cv-160-JHM-CHL (DN 32, #1038); *Brown*, 2013 WL 3243527 at *3 (quoting *Daniel v. Comm'r of Soc. Sec.*, 1:11-cv-159-JHM-HBB) (DN 21, #94)).  Therefore, while the undersigned concludes that the Act and the Anti-Assignment Act require the award to be payable directly to Terry, the undersigned also concludes that the Commissioner may waive application of the Anti-Assignment Act if the Commissioner concludes that Terry does not owe a pre-existing debt to the government.  *Kerr*, 2016 WL 1733480 at *2; *Kerr*, 3:15-cv-160 at DN 32, #1038 – 39; *see also*, *Brown*, 2013 WL 3243527 at *3 ("The EAJA fee award neither bars the United States from honoring a valid assignment, nor prevents it from disputing it.").

Terry's argument that a fee award is payable to the attorney and is subject to an offset only if the attorney owes a government debt ignores the clear language of *Ratliff*.  The *Ratliff* opinion refers to the potential for the government to offset the debt of a *litigant* multiple times.  560 U.S. at 589, 594, 596; *see also*, *id.* at 599, 600, 604 (Sotomayor, J., concurring).  *Ratliff* makes no mention of an attorney's debt, much less opines on whether an attorney's debt could be subject to a setoff.

Additionally, although Terry relies on *Turner*, the Sixth Circuit's opinion in *Turner* does not compel the conclusion she suggests: that when an assignment provision is not void, a fee award should be paid to the attorney and becomes subject to an offset only if the attorney owes a government debt.  The court of appeals said, "With the assignment provision voided, the fee

4

award is paid directly to the litigant and becomes subject to an administrative offset if the litigant owes a debt to the federal government." *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 725 (6th Cir. 2012). Nothing in *Turner* compels a conclusion that the attorney's potential debt to the government is the potential debt subject to an offset, or that an attorney's debt to the government is even relevant to a litigant's award of attorney fees.

## RECOMMENDATION

Accordingly, the Magistrate Judge RECOMMENDS that Terry's motion for attorney fees (DN 23) be **GRANTED** insofar as it requests an Equal Access to Justice Act award in the amount of $3,242.75 PAYABLE TO TERRY.

The Magistrate Judge further RECOMMENDS that the Court declare that Terry's existing assignment of Equal Access to Justice Act fees (DN 23-3) is VOID for the reasons set forth above AND that, if the Commissioner determines that Terry owes no pre-existing debt to the United States, the Commissioner may direct that the fee award be made payable to Terry.

## NOTICE

Under 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge files these findings and recommendations. A copy shall be electronically transmitted to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, any party may serve and file specific written objections to these findings and recommendations. *Id.*; Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also, Thomas v. Arn*, 474 U.S. 140 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).

cc: counsel of record