UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-063-TBR-CHL

LINDA S. TERRY, PLAINTIFF

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the Objection of Plaintiff, Linda S. Terry, [R. 27], to the Report and Recommendation of United States Magistrate Judge Colin Lindsay, [R.26]. In the Report and Recommendation, Magistrate Judge Lindsay recommended that Terry's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), [R. 23], be granted and that Terry's existing assignment of EAJA fees, [R. 23-3], be declared void. [R. 26]. Terry filed an Objection to the Report and Recommendation. [R. 27]. The Commissioner of Social Security (the Commissioner) did not respond. The Objection is now ripe for decision by the Court. Having reviewed the record, the Court agrees that the Motion for Attorney's Fees, [R. 23], should be granted and that the award shall be payable directly to Terry. However, the Court leaves it to the Commissioner's discretion to determine whether to waive the Anti-Assignment Act (AAA) and make the fee payable to Terry's counsel, Greg Marks. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, [R. 26], and **OVERRULES** Terry's Objection, [R. 27]. Terry's request for oral argument, [*See* R. 27 at 2], is consequently **DENIED AS MOOT**.

The parties agree that the proposed fee award of $3,218.75 in attorney's fees and $24.00 in costs is appropriate. Therefore, following a *de novo* review, as required by 28 U.S.C. §

636(b)(1) and Federal Rules of Civil Procedure 72(b), the Court adopts the Magistrate Judge's recommendation that Terry's Motion for Attorney Fees Under the EAJA, [R. 23], be granted in the amount of $3,218.75 in attorney's fees and $24.00 in costs. This leaves the sole dispute as to whom the award should be payable. The Magistrate Judge determined that the EAJA and the AAA require the award to be payable directly to Terry. [R. 26 at 4]. Terry argues that the Magistrate Judge was incorrect in this recommendation due to an incorrect interpretation of the AAA and requests this Court to direct payment of the award to her counsel, Greg Marks. [R. 27 at 1-2].

## DISCUSSION

### A. The EAJA and the AAA

The EAJA states that the Court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party." 28 U.S.C. § 2412(d)(1)(a). The Supreme Court held in *Comm'r of Soc. Sec. v. Ratliff* that an award of fees and costs under § 2412(d) should be paid directly to a litigant instead of his or her attorney. 560 U.S. 586, 589 (2010) ("[A] § 2412(d) fees award is payable to the *litigant* and is therefore subject to Government offset to satisfy a pre-existing debt that the litigant owes the United States."). Furthermore, under the AAA, "[a]n assignment [of a claim against the United States government] may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Therefore, "an assignment of a claim against the United States that is executed before the claim is allowed, before the amount of the claim is decided, and before a warrant for payment has been issued, is void." *Kerr v. Comm'r of Soc. Sec.*, No. 3:15-CV-313-CHL, 2016 WL 1733480, at *2 (W.D. Ky. 2016) (Lindsay, J.) (citation omitted) (quoting *Cox v. Comm'r of Soc. Sec.*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013) (citing 31 U.S.C. § 3727(b)). In

the case at hand, Terry argues that a judicial fee award under the EAJA is not a claim that is subject to the AAA, therefore her assignment of attorney's fees to Marks is not void. [R. 27 at 2-10.] The Court disagrees.

There is simply too much case law weighing against Terry's argument to rule in her favor. First, the Sixth Circuit, as well as this Court, held that "[Congress] did not intend attorney fees under the EAJA to be payable directly to the party's attorney." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449 (6th Cir. 2009); *see also Johnson v. Comm'r of Soc. Sec.*, No. 5:09-CV-108-R, 2012 WL 1014993, at *3-4 (W.D. Ky. 2012) (Russell, J.) ("*Ratliff* holds that any award of fees and costs under 28 U.S.C. § 2412(d) should be paid directly to a litigant instead of his attorney.") (citing *Ratliff*, 560 U.S. at 589). Secondly, this district and many others in the Sixth Circuit have held that the AAA applies to EAJA fee awards. Therefore, an assignment of an EAJA award that occurred before the award was distributed is void, with the exception that the Commissioner may waive the AAA and allow the assignment after it is determined that the plaintiff owes no federal debt. *See, e.g., Kerr,* 2016 WL 1733480, at *1-3 (holding that "the assignment predates the award of fees pursuant to the EAJA" and, therefore, "'is voidable at the United States' discretion.'") (quoting *Brown v. Comm'r of Soc. Sec.*, No. 5:12-CV-00145-LLK, 2013 WL 3243527, at *3 (W.D. Ky. 2013) (King, J.)); *Cox*, 917 F. Supp. 2d at 661-62 (collecting cases supporting the notion that the AAA applies to EAJA fee awards); *Cox v. Comm'r of Soc. Sec.*, No. 1:11-CV-00317, 2013 WL 4679804, at *1-2 (E.D. Tenn. 2013) ("Because the assignment of the EAJA award predated the award, I conclude payment should be made to Plaintiff."); *Lay v. Comm'r of Soc. Sec.*, No. 10-346-DLB, 2012 WL 5988822, at *9 (E.D. Ky. 2012) (collecting cases supporting the notion that the AAA applies to EAJA fee awards); *Steele-Malocu v. Comm'r of Soc. Sec.*, No. 3:09-CV-383, 2011 WL 1743457, at *1

(S.D. Ohio 2011) (same); *Cooper v. Comm'r of Soc. Sec.*, No. 1:09-CV-40, 2011 WL 3269446, at *3-4 (W.D. Mich. 2011) ("Plaintiff's assignment fails to meet the requirements of § 3727(b), because it was executed before the court allowed an award against the government pursuant to the EAJA and it was not attested to by two witnesses."). Terry assigned her EAJA fee award to her attorney in an affidavit on December 19, 2016, which was before any fees were actually awarded to her. [R. 23-3 (Plaintiff's Affidavit and Assignment of EAJA Fee).] Therefore, Terry's assignment was invalid under the AAA. However, the Commissioner may waive this application of the AAA, and allow the assignment, if the Commissioner verifies that Terry owes no pre-existing debt to the United States government.

### B. Terry's Arguments

Out of an abundance of caution, the Court will briefly address Terry's arguments against this Court's application of the AAA to her EAJA fee award. First, Terry interprets the Supreme Court's statements in *Hobbs v. McLean* to mean that the only claims that the AAA was meant to address were those "that could be presented to the executive branch for payment or pursued in the Court of Claims." [R. 27 at 3-4 (citing *Hobbs v. McLean*, 117 U.S. 567, 575 (1886).] It is an interesting analysis; however, Terry provides no examples of a court actually applying *Hobbs* in this manner in a case involving the EAJA. Instead, Terry cites to a case involving claims under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.[1] She also cites to several federal appellate court cases clarifying that the AAA is meant to protect the United States government from being harassed by multiple claimants and that the AAA only involves claims against the government, not private parties.[2]

---

[1] *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1142 (D.C. Cir. 2011).
[2] *See United Bonding Ins. Co. v. Catalytic Constr. Co.*, 533 F.2d 469, 474 (9th Cir. 1976) (holding that protection under the AAA cannot be extended to contracts not made in the name of the government); *Rosecrans v. William S. Lozier, Inc.*, 142 F.2d 118, 124 (8th Cir. 1944) (stating that the AAA "has no application to transactions between

4

Second, Terry argues that the Magistrate Judge mistakenly relied on instruction from the Ninth Circuit in the case of *United States v. Kim*.[3] [R. 27 at 6-10.] The Court considered Terry's arguments but agrees with the Ninth Circuit's application of the AAA to a fee award over Terry's theory under her interpretation of *Hobbs*.

Terry's final argument is that even if the Court considers EAJA fee awards to be "claims," this claim is eligible for two different exceptions to enforcement of the AAA: (1) assignments by operation of law and (2) assignments for the benefit of creditors. [R. 27 at 10.] Under the "assignments by operation of law" exception, Terry argues that the present case is analogous to insurers being able to sue the United States on claims by which the insurer has become subrogated by payment to an insured. [R. 27 at 10-11 (citing *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 373, 375 (1949).] The Court is unable to find any case law applying this analogy to an EAJA fee award. Thus, the Court is unpersuaded. Terry also cites a Second Circuit case to support the argument that this case is analogous to statutory attorney's liens, which are not forbidden by the AAA. [R. 27 at 13 (citing *Brooks v. Mandel-Witte Co.*, 54 F.2d 992 (2d Cir. 1932)).] Beyond the fact that the case cited does not involve the EAJA, the Court finds that this notion is debatable. *See Pierce v. Brown*, 7 Vet. App. 357, 358 (Ct. Vet. App. 1995) ("At this Court, attorney's fees are governed by the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412, and 38 U.S.C. § 5904, neither of which provide for recovery of

---

private individuals"); *Dulaney v. Scudder*, 94 F. 6, 10 (5th Cir. 1899) (explaining that the AAA was meant to protect the government, not private parties); *United States v. Ferguson*, 78 F. 103, 105 (2d Cir. 1897) (holding that there was no claim against the United States when a defendant had his attorney give a postmaster inspector an order demanding the return of money the defendant stole from the post office); *Manning v. Ellicott*, 9 App. D.C. 71, 78 (D.C. Cir. 1896) (stating that the AAA was meant to protect the government from harassment by multiple claimants); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209–12 (11th Cir. 1981) (en banc) (establishing that the Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions before October 1, 1981, which would include *Dulaney*).
[3] *See United States v. Kim*, 806 F.3d 1161 (9th Cir. 2015).

attorney's fees by means of an attorney's lien filed under a state statute."). Thus, the Court is unpersuaded.

Under the second exception, "assignments for the benefits of creditors," Terry essentially argues that an attorney in this situation is a type of creditor. [R. 27 at 13-14.] There are two cases which possibly support this notion. In the first case, *Treadway v. Commissioner of Social Security*, the Eastern District of California implied that lawyers are creditors, but it ultimately ruled against allowing payment of the EAJA fee award directly to the plaintiff's attorney. *See Treadway v. Comm'r of Soc. Sec.*, No. 1:13-CV-01248-SAB, 2014 WL 6901869, at *7 (E.D. Cal. 2014). In the second case, *Quade v. Barnhart*, the District of Arizona held that attorneys could be paid the award of fees directly. 570 F. Supp. 2d 1164, 1175-76 (D. Ariz. 2008). However, in support of this holding, the court cited to an unpublished opinion of the Sixth Circuit, *King v. Commissioner of Social Security*,[4] that was subsequently rejected as dicta by the Sixth Circuit. *See Bryant*, 578 F.3d at 446-47 (rejecting *King* as dicta and holding that Congress "did not intend attorney fees under the EAJA to be payable directly to the party's attorney."). Thus, the Court is unpersuaded that this second exception to the AAA applies to the case at hand.

In sum, the Court considered Terry's arguments supporting her Objection; however, the Court refuses to overturn this rich history of precedent in order to rule in her favor. Therefore, the Court agrees with the Magistrate Judge's Report and Recommendation in holding that the EAJA and the AAA require the award to be payable directly to Terry, but the Commissioner may waive application of the AAA if the Commissioner determines that Terry has no pre-existing debt owed to the United States government.

## CONCLUSION

---

[4] *See King v. Commissioner of Social Security,* 230 Fed. App'x 476, 481 (6th Cir. 2007).

The Magistrate Judge's Report and Recommendation, [R. 26], is hereby **ADOPTED**, and its findings and conclusions are incorporated by reference herein.

**IT IS THEREFORE ORDERED** as follows:

1. Terry's Motion for Attorney's Fees, [R. 23], is **GRANTED** insofar as it requests an EAJA award in the amount of $3,242.75 payable to Terry;

2. Terry's Objection, [R. 27], is **OVERRULED**;

3. Terry's request for oral argument, [*See* R. 27 at 2], is consequently **DENIED AS MOOT**.

4. Terry's existing assignment of EAJA fees, [R. 23-3], is **VOID** for the reasons stated herein;

5. The Commissioner shall determine whether this award is subject to any offset for debts owed to the United States;

6. If no debt is owed, the Commissioner may direct that the fee award be made payable to Terry's counsel.

**IT IS SO ORDERED.**


cc: Counsel of Record